IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KEITH A. JURAK,

                                                                       ORDER

                     Plaintiff,

                                                       09-cv-446-bbc

       v.

SGT. KOTTKA; C/O HOOPER;
LT. KELLER; CAP. SALTER;
and SGT. MORRISON;

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this lawsuit brought pursuant to 42 U.S.C. § 1983, plaintiff Keith Jurak, a prisoner at the Columbia Correctional Institution in Portage, Wisconsin, contends that defendants Sgt. Kottka, C/O Hooper, Lt. Keller, Cap. Salter and Sgt. Morrison violated his constitutional rights. He alleges that defendants disregarded a serious risk to his health and safety when they left him naked in a cell with no bed, no water supply and a clogged sink filled with debris that made it impossible for plaintiff to eat for two to three days.

      Now before the court is defendants' motion for summary judgment on the grounds that plaintiff has failed to exhaust his administrative remedies. Under Fed. R. Civ. P. 56, summary judgment is appropriate if there are no genuine issues of material fact and the

1

moving party is entitled to judgment as a matter of law. In ruling on a motion for summary judgment, the admissible evidence presented by the plaintiff must be believed and all reasonable inferences must be drawn in plaintiff's favor. Hunter v. Amin, 583 F.3d 486, 489 (7th Cir. 2009).

Defendants have attached no supporting affidavits and rely solely on the allegations in plaintiff's complaint. Plaintiff has responded with a brief in opposition and documents related to his administrative grievances. However, plaintiff's complaint and supporting documents show that he did not complete the required administrative grievance process. Because there is no genuine issue of material fact related to exhaustion that requires a trial, defendants' motion will be granted. Id.

## DISCUSSION

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust all available administrative remedies before filing a lawsuit in federal court challenging conditions of confinement. Perez v. Wisconsin Dept. of Corrections, 182 F.3d 532, 537 (7th Cir. 1999) ("[A] case filed before exhaustion has been accomplished must be dismissed.) To satisfy exhaustion requirements, a prisoner must take all steps, including appeals, prescribed by the prison's grievance system. Burrell v. Powers, 431 F.3d 282, 284-85 (7th Cir. 2005); Pozo v. McCaughtry, 286 F.3d 1022, 1025 (7th Cir. 2002). Because exhaustion is an affirmative defense, defendants bear

2

the burden of establishing that plaintiff failed to exhaust. Kaba v. Stepp, 458 F.3d 678, 681 (7th Cir. 2006); Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006).

Wisconsin inmates have access to an administrative grievance system governed by the procedures set out in Wis. Admin. Code §§ DOC 310.01-310.18. Under these provisions, prisoners start the complaint process by filing an inmate complaint with the institution complaint examiner. Wis. Admin. Code §§ DOC 310.09. The complaint examiner may investigate inmate complaints, reject them for failure to meet filing requirements, recommend a disposition to the appropriate reviewing authority (the warden or the warden's designee) or direct the inmate to attempt to resolve the complaint informally. Id. at §§ 310.07(2), 310.09(4), 310.11, 310.12. If the institution complaint examiner makes a recommendation that the complaint be granted or dismissed on its merits, the appropriate reviewing authority may dismiss, affirm or return the complaint for further investigation. Id. at § 310.12. If an inmate disagrees with the decision of the reviewing authority, he may appeal. Id. § 310.13.

When prison officials reject a complaint on a procedural ground and decline to address the merits of a complaint, the inmate must cure the defect and resubmit his complaint properly. If the prisoner does not cure his defect and resubmit his complaint, he has not exhausted his administrative remedies. In that event, any lawsuit the prisoner files later alleging the same claim must be dismissed. Dixon v. Page, 291 F.3d 485, 490 (7th Cir.

3

2002) (prisoner did not exhaust when, after he did not receive relief he was promised, he did not appeal to next level of review).

Plaintiff was granted leave to proceed on his claim that defendants left him naked in a cell with no bed, a clogged sink and no running water. Plaintiff alleges that these events occurred between July 3 and July 7, 2009. In plaintiff's complaint, dated July 11, 2009, he states that

> Plaintiff Keith Jurak used the prisoner grievance procedure available at Columbia Correction to try and solve the problem on 07/05/09. Plaintiff Keith Jurak presented the facts relating to this complaint. On 07/06/09 it was returned because I didn't exhaust my remedies. I am going to resubmit one on Monday July 13, 2009.

Plaintiff attached materials to his complaint showing that he submitted grievances about his clogged sink to the warden and the complaint examiner on July 5, 2009. Also, plaintiff supplemented his complaint on July 24, 2009, dkt. #6, and September 9, 2009, dkt. #14, with materials showing that he attempted to file several grievances related to his clogged sink. He attached the same materials to his brief in opposition to defendants' motion for summary judgment. Dkt. #21. Complaint examiners returned or dismissed plaintiff's grievances, stating that he failed to utilize the "chain of command" to resolve his complaints informally and included more than one issue in his complaint. Although plaintiff alleges that he did attempt to resolve the issue informally through the "chain of command" and did not include multiple issues in his complaints, his allegations are irrelevant, because

4

all of his efforts, except for the initial complaint he filed on July 5, occurred *after* he filed this lawsuit. Plaintiff must exhaust all of his administrative remedies, including appealing fully any rejected grievances, *before* he mails his complaint to the court. Ford v. Johnson, 362 F.3d 395, 399 (7th Cir. 2004). Plaintiff may not exhaust administrative remedies while litigation in federal court is pending. Id. at 398.

Because plaintiff did not utilize the administrative process correctly, he has not given the institution a full opportunity to consider his complaint. Therefore, under the Prison Litigation Reform Act, his case must be dismissed without prejudice. 42 U.S.C. § 1997e(a); Id. at 401 (dismissal for failure to exhaust is always without prejudice).

ORDER

IT IS ORDERED that the motion for summary judgment, dkt. #18, filed by defendants Sgt. Kottka, C/O Hooper, Lt. Keller, Cap. Salter and Sgt. Morrison is GRANTED. This case is DISMISSED without prejudice for plaintiff Keith Jurak's failure

to exhaust. The clerk of court is directed to enter judgment for defendants.

Entered this 14th day of December, 2009.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge